IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREEN PLAINS TRADE GROUP LLC, GREEN PLAINS INC., GREEN PLAINS WOOD RIVER LLC, GREEN PLAINS ORD LLC, GREEN PLAINS ATKINSON LLC, GREEN PLAINS CENTRAL CITY LLC, GREEN PLAINS YORK LLC, GREEN PLAINS SHENANDOAH LLC, GREEN PLAINS OTTER TAIL LLC, GREEN PLAINS FAIRMONT LLC, GREEN PLAINS HEREFORD LLC, GREEN PLAINS MOUNT VERNON LLC, GREEN PLAINS MADISON LLC, GREEN PLAINS HOPEWELL LLC, GREEN PLAINS SUPERIOR LLC, GREEN PLAINS OBION LLC, GREEN PLAINS BLUFFTON LLC, individually and on behalf of all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>ARCHER DANIELS MIDLAND COMPANY, <br><br>Defendant. | Case No. 8:20 cv 279 <br><br> Bataillon, J; Nelson, MJ |

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION TO TRANSFER VENUE**

This case has been brought by seventeen Plaintiffs, each of which is headquartered in this District. They want their case tried where they filed it, in their home District. Venue is proper here.

Plaintiffs are the first plaintiffs in any case—and, so far, the only plaintiffs—to allege that Defendant Archer Daniels Midland Company's ("ADM") market manipulation adversely impacted their sales of physical ethanol. They are also the only plaintiffs to allege that such market manipulation constitutes tortious interference with their physical ethanol sales contracts. These

unique claims should be heard in the forum of Plaintiffs' choosing. Since Nebraska is the locus of the harm caused by ADM's illegal conduct, Plaintiffs' unique claims should be heard in their chosen home forum.

Despite ADM's assertions, this case need not be transferred under either 28 U.S.C. § 1404(a) or the "first-to-file rule"; the former does not warrant transfer, and the latter does not even apply here. Although many of the facts of ADM's market manipulation presented in the two cases filed in the Central District of Illinois are similar to those here, the claims and legal theories are distinct among each of the three cases. Moreover, under section 1404(a), Plaintiffs' choice of forum should be accorded significant deference, and it is more convenient for Plaintiffs and their witnesses—all seventeen of whom have their offices in Nebraska, where their business records, decisions, and damages are located—to litigate their claims in their home district. That ADM, who has already harmed Plaintiffs, seeks to further burden them for its own convenience should carry no weight. Plaintiffs respectfully urge this Court to deny ADM's motion and maintain this action in the District of Nebraska.

## BACKGROUND

The present matter concerns the financial harm that ADM's years-long manipulation of the ethanol market has caused to Plaintiffs and other physical ethanol sellers. (*See, e.g.*, Dkt. No. 1, Class Action Compl. ("Compl.") ¶¶ 1-9.) Plaintiffs are all headquartered in Nebraska, and five Plaintiffs operate their bioprocessing plants in Nebraska, more than any other state. (*Id.* ¶¶ 10-27.) Plaintiffs allege not only that ADM's manipulation is illegal under the Commodities Exchange Act, but also that ADM's pricing manipulation constitutes tortious interference, because it intentionally targeted price indices that ADM knew that ethanol producers use as the pricing mechanism for sales contracts. (*Id.* ¶¶ 172-84.)

In September 2019, AOT Holding, a single plaintiff, filed a complaint against ADM in the Central District of Illinois, alleging only ADM's violation of the Commodity Exchange Act and on behalf of a class of traders only. On July 14, 2020, Plaintiffs filed the present matter, alleging violation of the CEA as well as tortious interference with contracts. On July 24, 2020, Midwest Renewable Energy Complaint filed its complaint against ADM—ten days *after* the complaint in the present matter—alleging entirely distinct claims concerning only ADM-related monopoly power issues in violation of the Sherman Act.

## ARGUMENT

### I. The District of Nebraska Is the Most Appropriate Venue.

Plaintiffs selected to file this case in their home forum of the District of Nebraska where they are all headquartered. Not only should Plaintiffs' choice of venue should be afforded considerable deference, but, also, the interests of justice and convenience of the parties favor maintaining this case in this District.

#### A. Plaintiffs' Choice of the District of Nebraska as the Venue for This Matter Should Be Accorded Deference.

Generally, "federal courts give considerable deference to a plaintiff's choice of forum." *Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*, 309 F. Supp. 3d 719, 726 (D. Neb. 2018) (quoting *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997)). In fact, this Court has noted that a plaintiff's choice of "home forum is usually accorded great deference and will not be disturbed unless the balance of private and public factors heavily indicate another forum," and "transfer under §1404(a) 'should not be freely granted.'" *Proxibid, Inc. v. BigGavel.com, Inc.*, No. 8:07CV396, 2008 WL 2165184, at *5 (D. Neb. May 21, 2008) (Bataillon, J.) (quoting *In re Nine Mile Ltd.,* 692 F.2d 56, 61 (8th Cir.1982), *overruled on other grounds, Mo. Hous. Dev. Comm'n v. Brice,* 919 F.2d 1306, 1310–11 (8th Cir.1990)). The allowance for transfer

of a case under 28 U.S.C. § 1404(a) is not a directive—it is simply a permissive rule to be invoked only when circumstances warrant it. While a case "may" be transferred to another court with proper jurisdiction and venue, it need not be, and here it should not be. ADM bears the burden of proving that a transfer is warranted under section 1404(a). *Proxibid*, 2008 WL 2165184, at *6. ADM has failed to meet its burden, and Plaintiffs' choice of venue in this District should be maintained.

      **B.**    **The Interests of Justice Favor Maintaining Venue in the District of Nebraska**

As the locus of the harm Plaintiffs suffered is in this District, the interests of justice also favor maintaining venue in Nebraska. There would be no judicial inconsistency in maintaining this case in a separate district from the other two ADM market manipulation cases. The plaintiff classes here are entirely distinct; the Central District of Illinois cases have been brought on behalf of ethanol commodities traders, while this case is brought on behalf of physical ethanol sellers. Thus, much of the evidence in this case will focus on the physical ethanol market, which is not a factor in the other cases. This case also features a unique legal theory—tortious interference—that is not in play in the other cases. Thus, adjudication of the unique features of this case would be best served by maintaining it in this District.

      **C.**    **The Convenience of the Parties Favors Maintaining the Current Venue**

Because all Plaintiffs and most of their witnesses are located in Nebraska, and because modern technology makes the nature of discovery in this action just as convenient in Nebraska as in Illinois, the convenience of the parties also favors maintaining the current venue.

      **1.**    **Plaintiffs and Most of Their Witnesses Reside in Nebraska.**

All seventeen Plaintiffs in this action have their principal place of business in Omaha, Nebraska; as such, this venue is more convenient for Plaintiffs. Although ADM argues that venue should be transferred because all of its own witnesses find Illinois more convenient, the Eighth Circuit has held that the number of witnesses in any given location will not decide the convenience

factor, emphasizing that "[m]erely shifting the inconvenience from one side to the other []
obviously is not a permissible justification for a change of venue." *Terra*, 119 F.3d at 696-97
(quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)). Moreover, as ADM noted, because
Plaintiffs' proposed class may be certified and expand the case to a nationwide scope, the quantity,
location, and accessibility of witnesses who may be called in this action is yet to be determined.
Accordingly, it is not at all clear how many witnesses will be in ADM's preferred district, as
compared to in the current venue. *Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*, 309 F.
Supp. 3d 719, 727 (D. Neb. 2018) (denying venue transfer, finding location of witnesses, for
convenience purposes, favored neither party at that stage of proceedings, where full range of
witnesses was yet to be finalized). As such, the location of ADM's possible witnesses should not
bear weight on venue transfer.

Moreover, the authority on which ADM relies to argue against Plaintiffs' choice of forum,
*In re Apple, Inc.*, 602 F.3d 909 (8th Cir. 2010), is inapposite here because it is factually dissimilar
to the instant matter. In *Apple*, the plaintiff was a foreign entity, and "a foreign plaintiff's choice
of forum is entitled to substantially less deference;" further, plaintiff there had "no relevant
connection" to, or witness or injury in, the venue in which they filed, and, as such, venue transfer
was ordered. *Id.* at 913 (internal quotation omitted). The situation in *Apple* is drastically different
than the facts at issue here, where Plaintiffs overwhelmingly are at home in Nebraska, will have
witnesses residing in Nebraska, and suffered—and continue to suffer—damages in Nebraska.
Plaintiffs' choice of forum should be accorded deference, and significant weight should be
accorded to the fact that Plaintiffs and their witnesses reside in Nebraska.

> **2. This Court Has Found that "Little Weight Should Be Given" to the Location of Records When Relevant Documentation Can Be Easily Transported.**

5

It is just as convenient for ADM to produce records to Plaintiffs in Nebraska as it is for ADM to product those records in any other district. For that reason, ADM will not be burdened by its discovery obligations in a case litigated in this District. Because modern technology allows for easy production of records, "little weight should be given [to the location of records] if the records can be easily transported." *Melichar v. Blue Cross & Blue Shield of Kansas, Inc.*, 309 F. Supp. 3d 719, 726 (D. Neb. 2018) (quoting *Medicap Pharms., Inc. v. Faidley*, 416 F.Supp.2d 678, 688 (S.D. Iowa 2006)) (finding location of records did not favor transfer because movant failed to show that relevant documentation could not be easily transported to original filing district). The discovery in this matter will be largely, if not entirely, electronic and it will thus be just as convenient for the parties to exchange records for a proceeding in Nebraska as it would be elsewhere. As such, ADM's illusory discovery burdens do not provide grounds for transferring this case out of Plaintiff's home jurisdiction.

## II.     The First-to-File Rule Does Not Apply Here.

The first-to-file rule does not apply here because there are compelling circumstances in favor of maintaining suit in the District of Nebraska. As this Court has noted, this is not actually a rule, "but instead a 'factor that typically determines, in the absence of compelling circumstances, which of two concurrent federal court actions should proceed to judgment.'" *Fed. Ins. Co. v. Ameritas Life Ins. Corp.*, No. 4:19CV3035, 2019 WL 5310042, at *4 (D. Neb. Oct. 21, 2019) (quoting *Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002)). The Eighth Circuit has also noted that this principle "should not be applied in a rigid, mechanical, or inflexible manner." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002). ADM fails to demonstrate several of the factors generally considered by courts applying the first-to-file rule, and several compelling circumstances favor maintaining the action in the District of Nebraska, as discussed below.

    **A.    The Proposed Classes Here are Separate and Distinct from Those in the Other Cases Against ADM.**

Plaintiffs here are sellers of ethanol, collectively among the largest ethanol producers and sellers nationwide, and they are based in Nebraska. The plaintiff in the AOT case—the only relevant case filed *before* the present matter—is a foreign corporation, and, as such, it had no other proper place to file its lawsuit other than in ADM's home jurisdiction. Moreover, AOT is a derivatives trader, not an ethanol producer, and it seeks to represent other traders as part of its class action. The harms that class suffered from ADM's misconduct are entirely different from the harms suffered by physical ethanol producers and sellers, the Plaintiffs and the proposed class in this case. The measures of damages and determination of other relief for the distinct types of plaintiffs will be entirely different. These differences weigh strongly in favor of maintaining this action separately in the District of Nebraska.

    **B.    The Types of Harm and Legal Theories Alleged are Distinct from Other Cases Against ADM.**

When considering the first-to-file rule, courts consider whether the parties in the cases assert identical claims in the different forums. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993). That is not the case here, as Plaintiffs here allege claims against ADM that are distinct from those in the two other pending matters in the Central District of Illinois. The AOT complaint, filed in September 2019 by a Swiss corporation that trades in derivatives, has only one claim: violation of the Commodity Exchange Act. The Midwest Renewable Energy complaint, filed ten days *after* the complaint in the present matter, has no legal overlap with the present matter. Although plaintiffs there are ethanol producers, MRE's two legal claims concern only monopoly power issues—violations of the Sherman Act. ADM seeks to minimize the unique nature of the harm it caused to Plaintiffs here by asserting that "core allegations" between all three cases are "identical," but this is demonstrably incorrect. Plaintiffs here allege impact to their sales

of physical ethanol caused by ADM's manipulation that not only violated the Commodity Exchange Act but also tortiously interfered with Plaintiffs' contractual relations. These differences in damages and legal theories warrant maintaining this separate action in the District of Nebraska.

    **C.    ADM Has Not Alleged any Undue Burden If the Present Case Proceeds in Nebraska, and Plaintiffs in the Other Actions Have Not Alleged that the Instant Plaintiffs' Claims Are Having an Adverse Effect on Their Actions.**

ADM has the burden of demonstrating that the case should be transferred, and they fail to do so on almost all of the factors that courts in this circuit consider, including the undue burden and adverse effect factors. The Eighth Circuit considers whether the parties to the first-filed case have claimed they would suffer undue burden or an adverse effect if the case in a separate forum were to proceed. *Northwest Airlines*, 989 F.2d at 1007; *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (upholding district court's refusal to apply first-to-file rule). If that were the case, courts would weigh that fact in favor of applying the first-to-file rule. Here, however, ADM has made no such allegations of bearing an undue burden if the present case were to proceed in the District of Nebraska, and no plaintiffs in cases against ADM in the Central District of Illinois have alleged that allowing this case to proceed in Nebraska would harm their actions.

    **D.    Similarity in Language Between This Complaint and Others Carries No Weight in Transfer Considerations (or Otherwise).**

There is no rule in this jurisdiction, or nearly any for that matter, requiring that a complaint contain entirely original work. Federal Rule of Civil Procedure 11 merely requires, in relevant part, certification that, upon information and belief after reasonable inquiry, the claims and contentions are presented for proper purpose, warranted by law, and nonfrivolous. Complaints based on similar conduct are bound to be similar, and it is in the Plaintiffs' interest—the injured parties' interest—here to not waste resources reinventing the wheel.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully urge the Court to maintain this action in the District of Nebraska.

Dated: October 13, 2020

Respectfully submitted,

/s David A. Domina
David A. Domina (#11043NE)
**DOMINA LAW GROUP PC LLO**
2425 South 144th Street
Omaha, Nebraska  68144
Tel.: (402) 493-4100
ddomina@dominalaw.com

Adam J. Levitt
John E. Tangren
Mark S. Hamill
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602
Tel.: (312) 214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
mhamill@dicellolevitt.com

Greg G. Gutzler
**DiCELLO LEVITT GUTZLER LLC**
444 Madison Avenue, Fourth Floor
New York, New York  11022
Tel.: (646) 933-1000
ggutzler@dicellolevitt.com

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

John P. Passarelli
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska  68102
john.passarelli@kutakrock.com

Stephen V. D'Amore
Samantha M. Lerner
Reid F. Smith
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois  60601
sdamore@winston.com
slerner@winston.com
rfsmith@winston.com

/s David A. Domina